(62 App. Div. 590.)

### JERRY v. BLAIR et al.

(Supreme Court, Appellate Division, Third Department. June 28, 1901.)

1. APPEAL FROM JUSTICE—NOTICE.

Where an action was brought before a justice against two defendants, and by consent was dismissed as to one, and judgment rendered in favor of the other for a small amount, a motion to dismiss the appeal should be granted where the notice was entitled in the name of plaintiff against both defendants, and stated that both defendants appealed from a judgment rendered in their favor against the plaintiff; there being in fact no such judgment.

2. SAME—PARTY AGGRIEVED.

Where an action is brought against two defendants, and dismissed by consent as to one, such defendant is not a party aggrieved by the judgment, under Code Civ. Proc. § 3045, so as to have a right to appeal therefrom.

Appeal from Clinton county court.

Action by Herbert E. Jerry against Mary Blair and another. Judgment in favor of one defendant, and both appeal. From an order denying a motion to dismiss the appeal, plaintiff appeals. Reversed.

This action was brought in a justice's court to recover for goods sold and delivered and accounts assigned to the plaintiff of the value of $175, less $150, the value of services rendered by the defendants. The answer contains a general denial, a plea of misjoinder of parties defendant, and a counterclaim in favor of the defendant Mary Blair for $100 for services rendered. On the trial it was stipulated that the matters litigated are between the plaintiff and the defendant Mary Blair individually, and by consent of the parties the action was dismissed as to the defendant David Blair, and continued between the plaintiff and the defendant Mary Blair. On June 13,

1900, the justice rendered a judgment in favor of the defendant Mary Blair against the plaintiff for $15.31 damages and $4.75 costs; total, $20.06. On June 30th a notice of appeal in an action entitled, "Justice Court. Herbert E. Jerry, Plaintiff, against Mary Blair and David Blair, Defendants," was served by the defendants, stating that the defendants, Mary Blair and David Blair, appeal to the county court of Clinton county "from the judgment rendered in the above-entitled action in favor of the defendants against the plaintiff, June 13, 1900, for 20 and 6/100 dollars damages and costs, and demands a new trial in the appellate court." On December 1st the attorney for the defendants served a notice of trial for December 18th, and thereafter the attorneys for the plaintiff, specially appearing for the motion, served notice of motion for that day to dismiss the pretended appeal. From the order denying that motion, this appeal is taken.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

S. L. Wheeler, for appellant.
H. S. Haff, for respondent.

EDWARDS, J. The denial of the motion to dismiss the appeal was error. There was no such judgment as the one from which the appeal purports to be taken. Concededly, the action brought in the justice's court against the respondents jointly was, by consent of parties, dismissed and discontinued as to the defendant David Blair, and continued as against the defendant Mary Blair, in whose favor alone judgment was rendered by the justice. The defendant's counsel contends that the service of the notice of appeal was the commencement of a new action in the county court; that the action which in the justice's court was discontinued as against David Blair was revived by the appeal as against him. This is unsound. The Code of Civil Procedure does not provide for the commencement of an action in the county court by an appeal, but rather for the transfer to that court of an action in which a judgment has been rendered in a justice's court. The new trial in the county court is on the issues formed by the pleadings in the justice's court, and the parties are the same as they were when the judgment was rendered. David Blair had no right of appeal. He had ceased to be a party to the action, and was not "aggrieved by the judgment." Code Civ. Proc. § 3045. The disposition of the motion by the county court is an injustice to the plaintiff, who, by an offer to compromise, under section 3070 of the Code, could have protected himself against the costs of a trial in the county court if the defendant Mary Blair had appealed from the judgment rendered; whereas, under the decision made, the new trial would inevitably result in costs against him, as he has no claim against the defendants jointly. If the counsel for the defendants, on the motion to dismiss his appeal, had asked for relief by reason of any mistake or inadvertence of his, that court would undoubtedly have permitted an amendment of the notice of appeal. But no such relief was asked for. He there insisted, as he does here, that his practice was regular, and he must accept the consequences. The order appealed from should be reversed, and the motion to dismiss the appeal should be granted.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.